IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GUSTAVO ANDRES PEREZ,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:13-cr-308-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [83] ("R&R"). The R&R recommends the Court dismiss, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings ("Rule 4(b)"), Movant Gustavo Andres Perez's ("Movant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [82] ("Section 2255 Motion").

### I.   BACKGROUND

A federal grand jury in the Northern District of Georgia returned a seven-count indictment against Movant and co-defendant Mario H. Jaramillo.  On February 13, 2015, the Court entered judgment, imposing a total sentence of

fifty-four months of imprisonment.  ([77]).  Movant did not file a direct appeal. ([82] at 1).

On May 11, 2016, Movant filed his *pro se* Section 2255 Motion.[1]  Movant asserts he received ineffective assistance of counsel and that his cooperation "was not used at all at [his] sentencing."  (Section 2255 Mot. at 5, 7).

On June 2, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge determined that Movant's Section 2255 Motion was filed after the statutory one-year limitation period under 28 U.S.C. § 2255(f).  Because Movant does not contend he is actually innocent and has not alleged extraordinary circumstances that might excuse his late filing, the Magistrate Judge recommends Movant's Section 2255 Motion be dismissed as untimely.  Movant did not file any objections to the R&R, and has not otherwise taken any action in this matter.

---

[1]   "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014).  Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

## II. ANALYSIS

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  No party objects to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Discussion

A Section 2255 motion is subject to the one-year limitation period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  There is no claim the circumstances of subparagraphs (2) through (4) of Section 2255(f) apply here.

The Magistrate Judge determined Movant's conviction became final, for purposes of Section 2255(f)(1), on February 27, 2015, when the time for filing a direct appeal expired.  (R&R at 3 (citing Fed. R. App. P. 4(b)(1)(A)(i), 4(b)(6))).  "Because [Movant] did not file his § 2255 motion until May 11, 2016, approximately one year and two and a half months after his conviction became final, it was not timely under § 2255(f)(1)."  (Id. at 4).  Because Movant does not contend he is actually innocent or that there are extraordinary circumstances that might excuse the late filing of his Section 2255 Motion, the Magistrate Judge recommends his motion be dismissed as untimely under Rule 4(b).  The Court finds no plain error in these findings and recommendation, and Movant's Section 2255 Motion is dismissed under Rule 4(b).  See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommends the Court deny a certificate of appealability.  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

4

that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  The Magistrate Judge found the dismissal of Movant's Section 2255 Motion as time barred is not debatable by jurists of reason, and he recommends the Court deny a certificate of appealability.  The Court finds no plain error in these findings and recommendation, and a certificate of appealability is denied.  See Slay, 714 F.2d at 1095.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [83] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Gustavo Andres Perez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [82] is **DISMISSED** pursuant to Rule 4(b).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 24th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE