# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

GUSTAVO ANDRES PEREZ,

Defendant.

1:13-cr-00308-WSD-1

## OPINION AND ORDER

This matter is before the Court on Defendant Gustavo Andres Perez's ("Defendant") *pro se* Motion for Transcripts [89] ("Motion"). Defendant is advised that he should send all future requests for relief to the Clerk's Office and not directly to the Court. The address for the Clerk's Office for the Northern District of Georgia is below:

> United States District Court Clerk's Office
> Richard B. Russell Federal Building
> 2211 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309

## I.   INTRODUCTION

On February 12, 2015, Defendant was sentenced to fifty-four (54) months incarceration with three (3) years of supervised release, after pleading guilty to one count of Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C.

§ 371, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A and 2. ([76], [77]). Defendant did not file a direct appeal of his conviction or sentence.

On May 11, 2016, [1] Defendant filed his Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 [82] ("Section 2255 Motion"). On August 24, 2016, the Court issued an order dismissing Defendant's Section 2255 Motion [85], because it was filed outside the one-year statutory limitation period. See 28 U.S.C. § 2255(f); see also Fed. R. App. P. 4(b)(1)(A)(i), 4(b)(6). The Court denied a certificate of appealability. ([85]). Defendant did not appeal the dismissal of his Section 2255 Motion.

On March 20, 2017, the Eleventh Circuit Court of Appeals denied Defendant's Application for Leave to File a Second or Successive Section 2255 Motion. ([88]).

On May 4, 2017, Defendant filed his Motion for Transcripts. Defendant

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014). Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

requests that the Court provide him copies of transcripts in this matter, at the government's expense, so that he may seek a reduction in sentence. Defendant states that he does not have the resources to hire an attorney and "receives very little financial support from [his] family." (Mot. at 1). Defendant does not explain which transcripts he is requesting.

## II. DISCUSSION

28 U.S.C. § 753(f) ("Section 753(f)") provides that indigent defendants "in proceedings brought under 2255" are entitled to transcripts at government expense "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). Absent the Section 753(f) exception, "[i]ndigent federal prisoners are not entitled to copies of transcripts at government expense for the purpose of preparing a collateral attack on a conviction." United States v. Adamson, 2017 WL 894441, at *2 (11th Cir. 2017); citing United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973); Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970).[2] A defendant "is not entitled to obtain copies of court records at the government's

---

[2] The Eleventh Circuit Court of Appeals adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

expense to search for possible defects merely because he is an indigent." Herrera, 474 F.2d at 1049.

Defendant is not entitled to receive copies of transcripts at the government's expense. Section 753(f) does not apply because there is no pending Section 2255 Motion for which a transcript would be needed. The Court cannot grant Defendant's request simply because he intends on seeking a sentence reduction or pursuing some other attack on his sentence. The Court has no basis to grant Defendant's Motion and it is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Gustavo Andres Perez's *pro se* Motion for Transcripts [89] is **DENIED**.

**SO ORDERED** this 12th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE